**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VICTOR ALEXANDER RODRIGUEZ DEL GUIDICE,<br><br>Petitioner,<br><br>v.<br><br>ANGELA HOOVER, *et al.*,<br><br>Respondents. | No. 4:26-CV-02384<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**NOVEMBER 24, 2026**

## I. BACKGROUND

Victor Alexander Rodriguez Del Giudice, currently a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), has filed this 28 U.S.C. § 2241 petition seeking an individualized bond hearing, or his release from ICE custody.[1] Specifically, he alleges that his continued and prolonged confinement violates his constitutional rights.[2]

Rodriguez Del Giudice, a citizen and native of the Dominican Republic, entered the United States of America in the year 2008 as a lawful permanent resident.[3] Several years later, Rodriguez Del Giudice pled guilty to conspiracy to

---

1 Doc. 1.
2 *Id.*
3 *Id.* at 7.

commit wire fraud and was sentenced to 81 months' imprisonment.[4] That conviction led the Government to seek Rodriguez Del Giudice's removal from the United States of America as an individual who had been convicted of an aggravated felony.[5]

On February 17, 2026, Rodriguez Del Giudice was taken into ICE custody at the conclusion of his criminal sentence, and he has remained in ICE custody since that date.[6] Rodriguez Del Giudice is currently detained at the Clinton County Correctional Facility, located within the Middle District of Pennsylvania.[7]

In August of 2026 Rodriguez Del Giudice filed this 28 U.S.C. § 2241 petition arguing that his continued detention violates the Due Process Clause of the United States Constitution.[8] He avers that his detention is unconstitutionally prolonged, and he is entitled to a bond hearing at which the Government bears the burden of proof or, alternatively, release from custody.[9] The Government responds that Rodriguez Del Giudice is subject to mandatory detention and he is not entitled to a bond hearing under 8 U.S.C. § 1226(c).[10] Respondents further contend that Rodriguez Del Giudice's duration of detention without a bond hearing has not become unconstitutionally excessive.[11]

---

4 *Id.*
5 Doc. 5-4.
6 Doc. 1 at 7.
7 *Id.*
8 *See* Doc. 1.
9 *Id.* at 9-12.
10 Doc. 9 at 8-19.
11 *Id.* at 19-24.

Rodriguez Del Giudice has filed a reply brief, rendering this matter ripe for disposition.[12] For the reasons discussed below, the petition will be granted.

## II. DISCUSSION

Rodriguez Del Giudice brings his claim pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who is "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States."[13] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their confinement" pending removal, "their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[14] Rodriguez Del Giudice's claims are therefore properly brought in this petition.

Respondents argue that Rodriguez Del Giudice is properly detained pursuant to 8 U.S.C. § 1226(c) as he has previously been convicted of a qualifying offense,[15] a proposition that Rodriguez Del Giudice does not dispute.[16] However, the United States Court of Appeals for the Third Circuit has held that, even under this mandatory detention scheme, "'when detention becomes unreasonable, the Due Process Clause demands a hearing.'"[17]

---

12 Doc. 7.

13 28 U.S.C. § 2241(c)(2).

14 *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).

15 Doc. 5 at 19.

16 *See* Doc. 7.

17 *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020) (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011)).

"Reasonableness is a 'highly fact-specific' inquiry," and the Third Circuit has provided four factors that courts should examine in considering the reasonableness of an individual's detention.[18] Those factors include: (1) the "duration of detention"; (2) "whether the detention is likely to continue"; (3) "the reasons for the delay"; and (4) whether the "conditions of confinement are 'meaningfully different' from criminal punishment."[19] If detention has become unreasonably lengthy, an individual is "entitled to a bond hearing to gauge whether he still needs to be detained to keep him from fleeing or committing more crimes," at which "the Government bears the burden of proof . . . to justify detention by clear and convincing evidence."[20]

Applying those factors here, Rodriguez Del Giudice has been detained since February 17, 2026—approximately nine months. Although this is an extended length of time, "'courts in this circuit have frequently found that detention under Section 1226(c) for less than, or slightly more than, a year does not amount to an arbitrary deprivation of liberty or weigh in favor of habeas relief.'"[21] Accordingly, this factor weighs against granting relief.

---

18 *Id.* (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015)).

19 *Id.* at 211 (quoting *Chavez-Alvarez*, 783 F.3d at 478 (brackets omitted)).

20 *Id.* at 213.

21 *Xu v. Warden, Pike Cnty. Corr. Ctr.*, No. 4:26-CV-01895, 2026 WL 2547342, at *2 (M.D. Pa. Aug. 28, 2026) (quoting *Nyamekye v. U.S. Immigr. & Customs Enf't*, No. 4:23-CV-01541, 2024 WL 1890375, at *3 (M.D. Pa. Apr. 30, 2024) (collecting cases)).

However, Rodriguez Del Giudice's detention is likely to continue for the foreseeable future, as his appeal of his removal order remains pending before the Board of Immigration Appeals ("BIA"),[22] and the BIA "currently faces a massive backlog,"[23] with 325,774 appeals currently pending.[24] With the BIA typically resolving between thirty to forty-five thousand appeals per year,[25] Rodriguez Del Giudice's appeal may be pending before the BIA for several years. Moreover, once an appeal to the BIA is concluded, Rodriguez Del Giudice "has the right to appeal such a decision to the Third Circuit, which would extend his detention even further, with no definite end point."[26] The second factor therefore weighs heavily in favor of ordering a bond hearing.

The third factor, reasons for any delay, is neutral. The record does not indicate that "either party made careless or bad-faith 'errors in the proceedings that caused unnecessary delay,'"[27] and therefore "this factor does not favor either side."[28]

---

22 Doc. 5 at 4.

23 *Carmona Leyva v. Sage*, No. 4:26-CV-01986, 2026 WL 2408332, at *3 (M.D. Pa. Aug. 6, 2026), *report and recommendation adopted*, No. 4:26-CV-01986, 2026 WL 2411130 (M.D. Pa. Aug. 14, 2026).

24 Executive Office for Immigration Review Adjudication Statistics, Executive Office for Immigration Review, Statistics and Reports, https://www.justice.gov/eoir/media/1344986/dl?inline (last visited November 23, 2026).

25 *Id.*

26 *Carmona Leyva*, 2026 WL 2408332 at *3.

27 *German Santos*, 965 F.3d at 211 (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011) (brackets omitted)).

28 *Id.* at 212.

The fourth factor, whether conditions of confinement are meaningfully different from criminal punishment, weighs in Rodriguez Del Giudice's favor. In considering this factor, if an individual's confinement "looks penal, that tilts the scales toward finding the detention unreasonable."[29] Rodriguez Del Giudice is confined at the Clinton County Correctional Facility, a county jail. Despite its civil label, Rodriguez Del Giudice is being confined in a penal facility, and Respondents present no genuine argument that his detention is different from criminal punishment in any meaningful way.[30] This factor therefore weighs in Rodriguez Del Giudice's favor.

Balancing the relevant factors demonstrates that Rodriguez Del Giudice's detention has become unconstitutionally prolonged, and his due process rights have been violated. Although Rodriguez Del Giudice's nine months of detention makes this a closer question, the likely extreme delay in adjudicating his appeal before the BIA tips the scales in favor of ordering a bond hearing.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Respondents have violated Rodriguez Del Giudice's due process rights. Consequently, his petition will be

---

[29] *Id.* at 211.

[30] Although "Respondents state that [Rodriguez Del Giudice] is not confined to his cell for 23 hours per day as was the case in *German Santos*, that assertion 'does not explain how such detention-center conditions differ from those found in a prison setting.'" *Sheriff v. Warden of FCI-Lewisburg Det. Ctr.*, No. 4:26-CV-02213, 2026 WL 2924481, at *2 (M.D. Pa. Sept. 29, 2026) (quoting *Xu*, 2026 WL 2547342 at *2).

granted, and the Government will be required to provide Rodriguez Del Giudice with a bond hearing or release him from custody.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge